**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR. NO. 19-238(GMH)(EGS)** |
| | : | |
| **LAMAR MALLORY,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**</u>

      The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (d)(1)(A)(ii), and 18 U.S.C. § 3142 (f)(2)(A) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

<u>**Introduction**</u>

      Lamar Mallory, a twenty eight year old male with several prior convictions that include a felony drug offense, a felony firearm offense, and an Attempt Robbery offense, has been charged by Indictment with one count of Escape from Custody, in violation of Title 18 U.S.C. § 751 (a). The defendant's indictment indicating a finding of probable cause that he knowingly escaped from the custody of the Bureau of Prisons, coupled with his prior convictions, support the government's contention that the defendant should be held without bond pending trial.

<u>**Procedural History and Applicable Authority**</u>

      At the initial appearance on August 26, 2019, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (d)(1)(A)(ii), and 18 U.S.C. § 3142 (f)(2)(A) of the

federal bail statute, which was granted by the Court. The Court set a detention hearing for Thursday, August 29, 2019.

The government contends that the defendant is a serious flight risk as well as a danger to the community. The government must establish by preponderance of the evidence that a defendant poses a risk of flight. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). And must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.   *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the appearance of the defendant as required or the safety of the community. Therefore, Mr. Mallory should be detained. *See* 18 U.S.C. § 3142(e)(1).

### Nature and Circumstances of the Offenses Charged

On March 27, 2018, Mr. Mallory was convicted of Unlawful Possession of a Firearm (Prior Conviction) and Possession With Intent to Distribute a Controlled Substance (Cocaine) in Washington, D.C.  For these offenses, the defendant was sentenced by a D.C. Superior Court

Judge to twenty four (24) months of imprisonment, and sixteen (16) months of imprisonment, respectively, followed by three (3) years and five (5) years of supervised release, respectively. As part of the defendant's sentence, he was allowed to complete the remainder of his sentence at the Residential Reentry Center in Washington, D.C. (Hope Village, Inc., 2840 Langston Place, S.E., Washington, D.C.).

On or about June 6, 2019, the defendant started his halfway house placement at Hope Village. On June 20, 2019, at approximately 9:30 P.M., Mr. Mallory left Hope Village with all of his belongings and did not return to Hope Village, prompting location inquiry phone calls to be made by Hope Village staff. Calls were made by Hope Village staff to local hospitals and central cell block to no avail. The defendant had no emergency contact person listed. Therefore, Mallory was placed on escape status. Mr. Mallory never returned to Hope Village, and until his arrest on or about August 24, 2019, his whereabouts were unknown to authorities. On July 12, 2019, the grand jury indicted the defendant on one count of Escape.

As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that Mr. Mallory escaped from the custody of the Bureau of Prisons. The nature of this offense weighs heavily in favor of detention.

<u>**Weight of the Evidence Against the Defendant**</u>

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against Mr. Mallory is quite strong. As set forth above, Mr. Mallory knowingly and willingly absconded from the Hope Village Reentry Center, as prohibited by the terms of residency at the facility. There is no question that the defendant knew about the rules and

requirements related to his residency because he signed documentation memorializing his understanding on Bureau of Prisons Form A0291, as well as the required Conditions of Furlough form. Additionally, according to staff members at the facility, Mr. Mallory left with all of his belongings and never returned, a clear indication that he did not intend to return. Mr. Mallory was then placed on escape status. The defendant remained in escape status for a considerable amount of time before law enforcement apprehended him.

## Mr. Mallory' History and Characteristics

The third factor, the history and characteristics of the person, similarly weighs in favor of the detention. Mr. Mallory has several prior convictions to include:

- Unlawful Possession of a Firearm (Washington, D.C. 2018)
- Possession with Intent to Distribute Controlled Substance (Cocaine) (Washington, D.C. 2018)
- Attempted Operating After Revocation (Washington, D.C. 2018)
- Destruction of Property Less Than $1000 (Washington, D.C. 2011)
- Theft Second Degree (Washington, D.C. 2011)
- Unlawful Entry of a Motor Vehicle (Washington, D.C. 2011)
- Attempt Robbery (Washington, D.C. 2010)

The defendant was serving a sentence in the Unlawful Possession of a Firearm (Prior Conviction) and Possession With Intent to Distribute a Controlled Substance (Cocaine) cases at the time that he escaped from custody. Those convictions constituted his second and third felony offenses. Additionally, numerous bench warrants have been issued for Mr. Mallory in relation to his other cases. According to the Pretrial Services Report dated August 26, 2019, Mr. Mallory has

tested positive in the last 30 days for Cocaine and Synthetic Cannabinoids. In the defendant's only prior period of Supervised Probation, his supervision was revoked. The defendant's history has clearly demonstrated that he is very unlikely to refrain from engaging in criminal conduct. The defendant should not be released.

## Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. Though the charged offense here is Escape from Custody, the government notes that the defendant has a long history of criminal offenses. His three felonies are a gun possession conviction, a possession with intent to distribute offense, and an attempt robbery offense. Additionally, the defendant has convictions for theft and destruction of property. In order to protect the community and assure his appearance at future court proceedings, the defendant should be held without bond pending trial.

## There is No Condition or Combination of Conditions that Would Ensure Mr. Mallory' Compliance with Court-Ordered Release Conditions

The defendant's criminal history and instant arrest warrant pre-trial detention. The government's evidence strongly supports the argument that Mr. Mallory will continually circumvent the Court's efforts to reasonably control his behavior through conditions of release and keep the community safe.

5

## **Conclusion**

The Court should grant the government's motion to detain Mr. Mallory pending trial because he has demonstrated that his appearance cannot be assured at future court proceedings and that he presents a danger to the community.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:            /s/
MERVIN A. BOURNE, JR.
D.C. Bar No. 490175
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-6979
E-mail: Mervin.Bourne@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Mervin A. Bourne, Jr., certify that, on August 28, 2019, the government filed a copy of the foregoing Memorandum in Support of Pre-Trial Detention on the Electronic Case Filing ("ECF") system and served a copy on counsel for Mr. Mallory, Carlos Vanegas, Esquire, through the ECF.

/s/
_____
Mervin A. Bourne, Jr.
Assistant United States Attorney
